IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROY ALBERT LEWIS,<br><br>Defendant. | No. C 09-04300 SI<br>(Criminal No. 05-00638 SI)<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255, MOTION FOR JUDGMENT ON THE PLEADINGS, AND MOTION FOR DIRECTED VERDICT** |

Defendant Roy Albert Lewis, proceeding pro se, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Defendant has also filed a motion for judgment on the pleadings and a motion for a directed verdict that rest on the same grounds as the Section 2255 motion. For the reasons set forth below, the Court DENIES defendant's motions.

**BACKGROUND**

In August 2006, defendant was convicted by jury of one count of conspiracy and four counts of tax evasion. The Court sentenced defendant to 24 months in custody followed by three years of supervised release, and entered judgment on March 1, 2007. Defendant appealed to the Ninth Circuit, which affirmed his convictions by memorandum disposition dated June 10, 2008. On July 21, 2008, the Ninth Circuit denied defendant's petition for rehearing. Defendant filed his motion under 28 U.S.C. § 2255 in this Court on September 26, 2009, and subsequently filed a motion for judgment on the pleadings and a motion for directed verdict.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under Section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

Defendant's Section 2255 motion raises the following grounds for relief: (1) the Court lacked jurisdiction to enter judgment against defendant because Title 18 of the United States Code is invalid; (2) the Court is not an Article III court; (3) the Court violated 28 U.S.C. §§ 454 & 455; (4) no criminal complaint was ever filed in this case and no valid warrant was issued; (5) the Court sold conviction bonds for profit, in violation of separation of powers principles; (6) the grand jury that indicted defendant was invalid; (7-9) the government concealed exculpatory *Brady* material, classified documents, and information related to confidential informants; (10) prosecutors received improper bonuses or financial benefits for obtaining the conviction; and (11) defendant's counsel was ineffective for not raising the aforementioned arguments at trial.

As an initial matter, the government asserts that petitioner has procedurally defaulted the majority of the claims he now asserts by not raising them in his direct appeal. Well-settled law provides that, with the exception of a challenge to the sentencing court's jurisdiction, a claim not raised at trial or during direct appeal cannot later be raised on collateral review unless the petitioner shows cause for his prior failure to assert the claim as well as actual prejudice resulting from the error of which he

2

complains. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default.").

Defendant raised four claims during his direct appeal: (1) this Court erred in instructing the jury on the defenses of good faith and good faith reliance on a qualified tax professional; (2) the evidence was insufficient to sustain the convictions; (3) this Court erred by admitting statements made by co-conspirators; and (4) this Court erred by limiting the testimony of defense experts. *See* Docket No. 402. None of the claims defendant now seeks to assert is even remotely connected to the trial-related errors he claimed on direct appeal, and he has made no effort to show cause and prejudice or actual innocence. Accordingly, with the exception of his jurisdictional claim, the claims defendant now raises have been procedurally defaulted.

Even if defendant had preserved his claims, each one would fail on the merits. First, defendant asserts that the Court lacked jurisdiction to preside over his trial and enter judgment against him because Title 18 of the United States Code is invalid. Specifically, defendant argues that the passage of Title 18 did not comply with the Quorum, Bicameralism, and Presentment Clauses of Article I of the United States Constitution. Defendant's argument is plainly frivolous and does not justify relief from his conviction and sentence. *See U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 413 U.S. 548, 550 n.1 (Title 18 has "been enacted into positive law"); *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (characterizing argument "that Title 18 – the federal criminal code – is unconstitutional because of supposed irregularities in its enactment" as "unbelievably frivolous"); *United States v. Chillemi*, No. 03-0917, 2007 WL 2995726, at *1 (D. Ariz. Oct. 12, 2007) ("The defendant's third claim, which is that his conviction is unconstitutional because Title 18 of the United States Code has never been enacted into positive law, is frivolous as a matter of law.").

Second, defendant argues that the undersigned is not an Article III judge because she, like all United States District Court judges, must pay income taxes to the IRS. Defendant asserts that the payment of taxes violates Article III's requirement that federal judges "shall, at stated Times, receive for their Services a Compensation which shall not be diminished during their Continuance in Office." U.S. Const. art. III, § 1. The Supreme Court has rejected this very argument, holding "that a

non-discriminatory tax laid generally on net income is not, when applied to the income of a federal judge, a diminution of his salary within the prohibition of Article III, § 1 of the Constitution." *O'Malley v. Woodrough*, 307 U.S. 277, 282 (1939). Thus, defendant is not entitled to relief on this ground.

Third, defendant asserts that the Court violated 28 U.S.C. §§ 454 & 455. 28 U.S.C. § 454 prohibits federal judges from engaging in the practice of law. Defendant provides no explanation of how he believes the Court has violated this prohibition, other than stating that the Court "acted as a second prosecutor, practicing law from the bench." Sec. 2255 Mot. at 59. This conclusory argument does not justify relief from his conviction. 28 U.S.C. § 455 provides that a judge must disqualify herself where her "impartiality might reasonably be questioned" and under certain other specified circumstances, including bias or prejudice against a party, personal knowledge of the facts in dispute, prior involvement with the case as an attorney or witness, or financial interest in the outcome of the case. Defendant appears to be arguing that this Court cannot decide the instant motions, and should instead "forward [them] to the Supreme Court for review and hearing," because this Court also presided over his trial and sentencing.[1] Sec. 2255 Mot. at 57. Congress has expressly provided, however, that a motion under Section 2255 must be ruled upon by "the court which imposed the sentence." 28 U.S.C. § 2255(a). Thus, there is no basis for defendant's claim.

Fourth, defendant contends that his conviction must be set aside because no criminal complaint was ever filed in this case and, therefore, no valid arrest warrant was ever issued. Defendant relies on three sources of authority: the Fourth Amendment's requirement that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation," and Rules 3 and 4(a) of the Federal Rules of Criminal Procedure, which provide in turn that "[t]he complaint is a written statement of the essential facts constituting the offense charged" and that "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

---

[1] Although he attacks the Court's ability to rule on his motions, defendant also argues inconsistently that "[t]he refusal of the District Court to make findings of fact and law and to rule on the claims presented would be violations of FR Civ P 52(a) and 54(b) and Due Process," and that "[t]he failure to hold a hearing . . . on the verified claims is likewise a violation of Due Process." Sec. 2255 Mot. at 57.

4

Once again, the Supreme Court has specifically rejected defendant's argument. *See Giordenello v. United States*, 357 U.S. 480, 487 (1958) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged."). This claim therefore does not justify relief.

Fifth, defendant challenges his conviction on the ground that the Court made money by selling conviction bonds for profit, in violation of separation of powers principles. As an initial matter, the Court is not aware of any legal authority supporting a claim of this type. Additionally, defendant's claim is unsupported by any evidence. Rather, he merely alleges in a conclusory fashion that the Court "is a corporation listed in Dun & Bradstreet" which "sells bonds based on Petitioners conviction." Sec. 2255 Mot. at 62. This is insufficient to show an entitlement to collateral relief.

Sixth, defendant challenges the validity of the grand jury that returned his indictment. Defendant argues that the grand jury proceedings were "tainted" because the grand jury was empaneled by the prosecutor and defendant was not permitted to present evidence or cross-examine witnesses. As pointed out in the government's brief, this argument must fail for several reasons. First, Federal Rule of Criminal Procedure 12 states that any "motion alleging a defect in instituting the prosecution" must be brought prior to trial. Fed. R. Crim. P. 12(b)(3)(A). Second, it is well-settled that a defendant does not have a right to testify, present evidence, or cross-examine witnesses before a grand jury. *See United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir. 1979) ("A grand jury proceeding is not an adversary proceeding in which the guilt or the innocence of an accused is adjudicated. Thus, an accused has no right of cross-examination, or of introducing evidence to rebut a prosecutor's presentation. Likewise, an accused has no right to be called as a witness before the grand jury that is considering his indictment.") (quotation marks, alterations, and citations omitted). Finally, the Supreme Court has specifically held that a jury verdict of conviction renders any defect in the grand jury procedure harmless. *United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision

was harmless beyond a reasonable doubt."). Accordingly, defendant is not entitled to relief on this claim.

Seventh, defendant argues that the government concealed exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant does not identify the specific materials he alleges were withheld in his case. Instead, he speculates that "[t]ypically, the government has records in about 29 different agencies related to a criminal Defendant, plus some state agencies usually have records as well," then asserts that no such materials were provided to him during his criminal trial. Sec. 2255 Mot. at 68, 73. "The proponent of a *Brady* claim – i.e., the defendant – bears the initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it. Once the defendant produces such evidence, the burden shifts to the government to demonstrate that the prosecutor satisfied his duty to disclose all favorable evidence known to him or that he could have learned . . . ." *United States v. Price*, 566 F.3d 900, 910 (9th Cir. 2009) (citations omitted). Defendant's speculative assertions about the evidence supposedly withheld by the prosecutor in his case fall far short of meeting his initial burden on his *Brady* claim. Accordingly, the claim does not warrant relief.

Eighth, defendant contends that the government concealed certain classified documents, in violation of the Classified Information Procedures Act, 18 U.S.C. app. 3 § 1 *et seq.* ("CIPA"). Defendant states that he "has learned he has classified records in his case in the NSA and the IRS which were not disclosed to [him], as well as other agencies of the government." Sec. 2255 Mot. at 73. The government is not, however, under an obligation to disclose classified materials that are not material or "relevant and helpful to the defense." *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003). Defendant has not explained the nature of the materials allegedly withheld, much less shown that they would have been material, relevant, and helpful to his defense. Accordingly, his CIPA claim fails.

Ninth, defendant contends that the government concealed information related to confidential informants, including payments made to informants, in violation of defendant's rights under the Sixth Amendment's Confrontation Clause. The Supreme Court has held that the government has a limited "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957).

6

A defendant who contends that the government improperly withheld information about its use of an informant bears the burden "to demonstrate the need for disclosure. The mere suspicion that information will prove helpful is insufficient to require disclosure." *United States v. Johnson*, 866 F.2d 1120, 1122 (9th Cir. 1989). Defendant has provided no more than his "mere suspicion" that the government improperly withheld non-privileged informant information that would have proved helpful to his case. This is insufficient to justify relief from his conviction and sentence.

Tenth, defendant challenges his conviction on the ground that "prosecutors are routinely paid by the IRS bonuses to obtain convictions in federal criminal cases involving accusations related to income tax." Sec. 2255 Mot. at 74-75. Defendant provides no evidence in support of this accusation, and instead states that he intends to obtain evidence in support of his claim through discovery. *Id.* at 75. The Court need not permit discovery or hold an evidentiary hearing, however, where the factual allegations supporting a claim are "so palpably incredible, so patently frivolous or false, that it is clear the movant is not entitled to relief or even to a hearing" in order to establish the truth of the allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) (quotation marks and citations omitted). The Court concludes that defendant's claim that the prosecutors in his case received financial incentives from the IRS is so frivolous as to permit summary dismissal.

Finally, defendant contends that his counsel was ineffective for not previously raising the aforementioned arguments. To demonstrate ineffective assistance of counsel, defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Defendant has failed to meet either prong. As a matter of law, counsel was not ineffective for failing to raise the frivolous arguments defendant now advances. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008) ("[C]ounsel cannot be deemed ineffective for failing to raise [a] meritless claim."). Accordingly, defendant's ineffective assistance of counsel claim does not warrant relief from his conviction and sentence.

In sum, because defendant has failed to raise a single valid challenge to his conviction and sentence, his motion under 28 U.S.C. § 2255 is DENIED. As his motion for judgment on the pleadings and motion for directed verdict rest on the same contentions, those motions are DENIED as well.

**CONCLUSION**

For the foregoing reasons, and for good cause shown, defendant's motion under 28 U.S.C. § 2255, motion for judgment on the pleadings, and motion for directed verdict are DENIED. (Docket Nos. 410, 412, 418).

**IT IS SO ORDERED.**

Dated: August 30, 2010

SUSAN ILLSTON
United States District Judge